UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM VAN HULTEN, individually, and on behalf of the general public and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ABBA BAIL BONDS, INC., a, California corporation; JANE UN, an Individual; *et al*.,<br><br>Defendants. | No. 2:16-cv-02459-TLN-CKD<br><br>**ORDER GRANTING DEFENSE COUNSEL'S MOTION TO WITHDRAW** |

This matter is before the Court on Defense Counsel's Motion to Withdraw as counsel. (ECF No. 19.) No opposition has been filed. For the reasons discussed below, the Court hereby GRANTS Defense Counsel's Motion to Withdraw (ECF No. 19).

Plaintiff Adam Van Hulten ("Plaintiff") commenced this action on October 14, 2016, on behalf of himself and as representative of other former or current employees of Abba Bail Bonds, Inc. ("Abba"). (ECF No. 1 ¶¶ 3–5.) Plaintiff sues Abba and Jane Un ("Un"), "the owner, president and/or operating manager" of Abba, (collectively, "Defendants") for "failure to compensate [the class members] for overtime hours worked." (ECF No. 4 ¶ 13.)

On April 4, 2017, the Court entered a Pre-Trial Scheduling Order and, later, extended the discovery deadline to September 11, 2017. (ECF Nos. 10 & 17.) On June 28, 2017, after an informal discovery conference call with the parties, the magistrate judge ordered Defendants to serve supplemental discovery responses to Plaintiff within seven days. (ECF No. 15.) On July

1

20, 2017, Plaintiff moved to compel Defendants to provide the supplemental discovery responses and for sanctions, which the magistrate judge granted, imposing a $2,250 sanction on Defendants. (ECF Nos. 18 & 25.) Defense Counsel filed this motion to withdraw, arguing it is unreasonably difficult for him to represent Defendants because Defendants failed to respond to him and comply with his requests regarding the supplemental discovery responses, and Defendants failed to pay outstanding legal fees. (ECF No. 19 at 2.)

The undersigned extended the deadline for pre-certification discovery to November 10, 2017, and the deadline for Plaintiff to file his motion for class certification to November 16, 2017. (ECF No. 29 at 2.) Plaintiff moved again to compel Defendants to provide the supplemental discovery responses and for additional sanctions. (ECF No. 31.) That motion is pending.

The Local Rules for the U.S. District Court for the Eastern District of California govern withdrawal of counsel when the withdrawal would leave the client(s) without representation. L.R. 182(d).

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client *in propria persona* without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw.

*Id.* The decision to grant withdrawal is within the discretion of the Court and leave "may be granted subject to such appropriate conditions as the Court deems fit." L.R. 182; *McNally v. Eye Dog Found. for the Blind, Inc.*, 2011 WL 1087117, at *1 (E.D. Cal. Mar. 24, 2011).

In his signed Declaration, Defense Counsel has detailed the multiple unsuccessful attempts he made to obtain final discovery responses from both Un and Abba's General Counsel based on the draft responses Defense Counsel prepared and sent to them. (ECF No. 19 ¶¶ 3–6.) Defense Counsel also detailed his attempts to collect months of unpaid fees from Defendants. (ECF No. 19 ¶ 7.) Defense Counsel's notice and motion shows he provided notice of his intent to move to withdraw and the motion to Defendants as well as Plaintiff and Plaintiff's counsel, and he provides current addresses for both Defendants. (ECF No. 19 at 4, 8, & ¶ 8.)

2

Defense Counsel has complied with all requirements of Local Rule 182, the information he provided agrees with the information in the docket, the parties are still relatively early in the discovery process, and it does not appear that either delay or prejudice will result from Defense Counsel's withdrawal. *Canandaigua Wine Co., Inc. v. Moldauer*, 2009 WL 89141, at *4 (E.D. Cal. Jan. 14, 2009.) The Court hereby GRANTS Defense Counsel's Motion to Withdraw as Counsel to Defendants (ECF No. 19).

Defendant Jane Un may appear in propria persona. Local Rule 183(a), however, states that, "[a] corporation or other entity may appear only by an attorney." Defendant Abba, therefore, may not appear in propria persona. Accordingly, Abba has forty-five (45) days from the entry of this Order to acquire new representation. Defendant Un is ordered to appear at the next scheduled hearing in this matter, on September 27, 2017, at 10:00 AM, before Magistrate Judge Carolyn K. Delaney, in person in Courtroom 24 or telephonically by contacting Magistrate Judge Delaney's chambers in advance of the hearing at 916-930-4090. (ECF No. 34.)

IT IS SO ORDERED.

Dated: September 22, 2017

Troy L. Nunley
United States District Judge